105 F.3d 665
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leonard Encarnacion ISLAO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70683.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 12, 1996.
Decided Jan. 2, 1997.
 
 Petition to Review a Decision of the Immigration and Naturalization Service, INS No. Acl-yqq-peo.
 INS
 GRANTED IN PART, REVERSED IN PART, VACATED IN PART.
 Before: BOOCHEVER, REINHARDT, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We review the decision of the Board of Immigration Appeals (BIA) to determine whether substantial evidence supports its conclusion that the INS met its burden of proving by clear, unequivocal, and convincing evidence that the petitioner is deportable. Laipenieks v. INS, 750 F.2d 1427, 1429 (9th Cir.1985); see Woodby v. INS, 385 U.S. 276 (1966). On review of the record taken as a whole, we conclude that the BIA lacked substantial evidence to support that conclusion. Assuming that petitioner's testimony at his deportation hearing is entirely incredible, as the BIA said it is, the evidence in the record is insufficient to satisfy the substantial evidence test.
 
 
 3
 Petitioner submitted a marriage certificate from the Civil Registrar in Ilocos Sur, Philippines, showing a February 22, 1988, wedding date, as well as an official certification from the Civil Registrar that no marriage between petitioner and Impelido occurred at the time and place the INS claims they were married--June 10, 1983, in Ilocus Sur. The birth certificates of petitioner's first, third, and fourth children state that petitioner and Impelido were not married at the times of the children's births, all of which occurred after 1983, the fourth child's occurring in December 1987. In addition, the affidavits of two witnesses in the Philippines stated that petitioner married Impelido in 1988, that the witnesses were present at the ceremony, and that petitioner and Impelido were not married prior to that time.
 
 
 4
 The INS seeks to refute the above evidence by pointing to petitioner's statements to District Adjudications Officer Yen and Inspector Bayanilla concerning his marital status, and to the birth certificate of his second child, Leomer. The INS also claims that the testimony of petitioner's mother corroborates a February 1987 marriage date. It is clear from the record, however, that the 1987 date petitioner mentioned to Yen was simply a mistake and that petitioner was referring to the 1988 marriage. The INS does not seriously contend that petitioner married Impelido in 1987, and the Order to Show Cause charges only that the marriage occurred in 1983. Certainly, a 1987 marriage date would be inconsistent with the BIA's reliance on Leomer's 1985 birth certificate. As to Inspector Bayanilla, the inspector candidly admitted that he could not recall whether there was some misunderstanding, although he testified that petitioner stated several times that he understood what was transpiring. In any event, as indicated earlier, as is clear from the BIA's written decision, petitioner's statements demonstrate a general lack of reliability; he appears simply to have said whatever seemed best at the moment.[1] Leomer's birth certificate does provide some evidence of a 1983 wedding date, but, when considered in the context of all the unequivocal contrary evidence in the record, we conclude that it does not constitute "substantial evidence" that the INS met its burden under Woodby, see Laipenieks, 750 F.2d at 1429, particularly in light of the facts that (1) the information on Leomer's birth certificate appears below petitioner's signature, is not in his handwriting, was not verified by the Civil Registrar, and (2) no one witnessed, notarized, or swore to the accuracy of, the certificate. Further, none of the other three children's birth certificates, one of which predates and two of which postdate Leomer's, states that petitioner was married at any time before he entered the United States. The INS has produced no marriage license bearing a date prior to petitioner's entry date. The certification from the Civil Registrar indicates that no marriage took place on the date shown on Leomer's birth certificate and listed in the Order to Show Cause, and the only marriage certificate in the record shows that the marriage occurred in 1988, after petitioner's date of entry.
 
 
 5
 The INS accepts petitioner's mother's testimony that petitioner's marriage occurred in the Philippines while the mother was visiting there for a period beginning in December or January and encompassing his February 22 marriage ceremony. It then suggests, based on the mother's statement, that this visit occurred in late 1986 or early 1987 and lasted continuously until at least February 22, 1987. However, the INS' own records reveal that the petitioner's mother completed a "Verification of Information from Immigration and Naturalization Service Records" form in person in Honolulu on February 11, 1987. Because Mrs. Islao could not have been in Hawaii and the Philippines at the same time, the INS's own records belie its suggestion that the visit and marriage occurred in February 1987 rather than at the time the official records demonstrate that the ceremony took place--February 1988.
 
 
 6
 In view of all of the documentary evidence supporting petitioner's claim that he was not married when he completed his visa application and entered the United States, as well as the dearth of documentary evidence and independent testimony suggesting that he was, we hold: Substantial evidence does not support the INS's determination that clear, unequivocal, and convincing evidence warrants petitioner's deportation. The petition for review is therefore granted and the decision of the BIA is reversed.
 
 
 7
 PETITION GRANTED; ORDER DISMISSING PETITIONER'S APPEAL REVERSED; ORDER OF DEPORTATION VACATED.
 
 RYMER, Circuit Judge, dissenting:
 
 8
 I dissent because substantial evidence supports the Board's determination that the record shows by clear, convincing, and unequivocal evidence that Islao willfully misrepresented a material fact, his marital status, on his 1987 visa application. In addition to the birth certificate of Islao's second son, Leomer, showing a wedding date between Islao and Myrna Impelido of June 10, 1983, which Islao signed, the Board relied on two sworn statements in which the petitioner admitted that he lied on his visa application about not being married and not having any children. Both of these statements were in English, the language Islao used on his 1987 visa application when he wrote that he was not married and that he had no children. Islao made the statement to Officer Yen in his own handwriting. As the Board did not conclude that Islao's statements to Yen and Bayanilla lacked credibility, only that Islao's testimony recanting those statements lacked credibility, I would deny the petition for review.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The dissent argues that, although the BIA concluded that petitioner's testimony recanting the statements to Office Yen and Inspector Bayanilla was unreliable, it apparently concluded that the statements themselves were not. The two statements are, however, inherently contradictory and cannot both be true. In relying on the two contradictory statements to support the charge by clear, unequivocal, and convincing evidence, the BIA erred